Argued May 1, affirmed September 8, 1972

BAILEY, *Respondent, v.* ALLIED
PROPERTIES, INC., *Appellant.*

500 P2d 700

*Wm. D. Cramer* of Cramer, Gronso & Pinkerton, Burns, argued the cause and filed a brief for appellant.

*Irvin D. Smith,* Burns, argued the cause and filed a brief for respondent.

McALLISTER, J.

This is an action for the breach of a haying contract in which the trial resulted in a verdict and judgment for plaintiff in the sum of $6,803.22 and defendant appeals. We affirm.

The only issues on appeal are whether the complaint states a cause of action and whether the court erred in failing to give an instruction requested by defendant.

It appears from the amended complaint and the attached copy of the contract that in March 1969, plaintiff Walter Bailey entered into a contract with defendant Allied Land and Livestock Company to swath the 1969, 1970 and 1971 crops of meadow hay grown on several ranches owned by defendant in Harney County and defendant agreed to pay plaintiff $3.50 for each ton of hay swathed. The complaint further alleged that during the 1969 haying season plaintiff earned a gross income of $16,783.10 and realized a net profit of $11,083.90. The complaint then alleged that in December 1969 and twice in early 1970 defendant advised plaintiff that defendant "would not further honor" the contract, thereby damaging plaintiff in the sum of $11,083.90 for the 1970 haying year. The com-

plaint concludes with án allegation that plaintiff "has at all times stood ready, willing and able to perform" the contract.

The sufficiency of the complaint was challenged first by a motion for judgment on the pleadings made after both parties had rested and later by a motion for judgment notwithstanding the verdict. In those motions defendant contended that the complaint was defective because (1) it did not allege that plaintiff duly performed the contract, and (2) that it did not allege that the defendant breached the contract because the complaint did not negative the conditions subsequent, which, if they had occurred, would have justified defendant in cancelling the contract.

■ We will first consider the lack of an allegation of due performance on the part of the plaintiff. As we construe the complaint it involves the 1969 haying year only as a standard for computing plaintiff's alleged loss of profits in 1970. The complaint alleges a cause of action based solely on defendant's refusal to perform the contract insofar as it remained executory. The complaint tendered no issue concerning the performance or failure to perform the executed portion of the contract. In this situation an allegation that plaintiff had duly performed the contract would have been irrelevant to any issue raised by the complaint and was unnecessary. Since the gist of the action was defendant's refusal to perform the executory portion of the contract an allegation that plaintiff was ready, able and willing to perform the contract was sufficient.

■ Defendant's second contention is based on provisions which entitled defendant to cancel the contract if plaintiff's work was "unsatisfactory for any reason

whatsoever" or if defendant sold the ranches. We think both of those provisions were conditions subsequent which defendant was required to plead and prove if it wished to rely on them. 3A Corbin on Contracts 456, § 743. Since defendant did not plead these defenses there was no merit to its second contention. *Spence v. Allen,* 199 Or 255, 260, 260 P2d 949 (1953).

■ Defendant also assigns as error the failure of the court to give the following requested instruction:

"A party first guilty of a substantial or material breach of contract cannot complain if the other party thereafter refuses to perform. Such refusal is then excused. * * *"

Although the requested instruction correctly states the law, the failure to so instruct the jury could not have been prejudicial to defendant. The trial court, in its instructions, called the jury's attention to the contract provision which gave the defendant the right to cancel the contract if plaintiff's performance was unsatisfactory, and instructed that this right could not be exercised in bad faith. The instruction continued:

"* * * Where a contract provides that it may be terminated at the sole discretion of the employer if the work of the employee is unsatisfactory for any reason, the employer does have the absolute right to discharge the employee if he, this is, the employer, in good faith is actually dissatisfied, without regard for the sufficiency of the reasons."

Under this instruction, in order to find for defendant, the jury had only to determine that defendant was in fact dissatisfied with plaintiff's performance. Under the requested instruction, on the other hand, it would have been necessary to find that plaintiff's performance was so inadequate as to amount to a substantial

and material breach. Although neither plaintiff's breach nor defendant's exercise of its power of termination was properly put in issue by the pleadings, the question of plaintiff's performance in 1969 was presented by the evidence and was submitted to the jury on the theory most favorable to defendant. The trial court's failure to also submit the less favorable theory could not have harmed defendant.

The judgment is affirmed.